The Honorable Philip H. Brandt
Chapter 13
Hearing Date: August 21, 2008
Hearing Time: 9:30 a.m.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

In re: ) Bankruptcy Case No. 07-13985
)
LESTER AND KIMBERLEY HENLEY, ) MEMORANDUM IN SUPPORT OF
) ADMINISTRATIVE EXPENSE CLAIM OF
Debtors. ) THE BUSH SCHOOL
)
)

THE BUSH SCHOOL, by and through its undersigned attorneys, hereby submits this Memorandum in support of the treatment of its post-petition claim as an administrative expense.

As of the date of filing the petition, August 24, 2007, the Debtors owed The Bush School $15,773.12 See Declaration of Robin Bentley dated February 7, 2008 (Docket #54). Thereafter, the Debtors chose to keep their daughter enrolled at The Bush School, incurring expenses for tuition, books, and other school charges. The Debtors did not disclose the fact of their bankruptcy filing to the Bush School, but made monthly payments of $500.00 against their accruing obligations. *Id.* ¶¶2, 3. When the fact of the bankruptcy filing was finally disclosed, in February, 2008, the amount owing to The Bush School for post-petition charges was $4,973.38. *Id.* ¶3.

MEMORANDUM IN SUPPORT OF
ADMINISTRATIVE EXPENSE CLAIM OF
THE BUSH SCHOOL - 1
#680669 v1 / 30707-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

The Debtor has acknowledged this post-petition obligation to The Bush School in its proposed Amended Chapter 13 Plan, but had proposed that it be paid with, but in full in advance of, the unsecured creditors. Both The Bush School and the Chapter 13 Trustee have objected to that proposed treatment. The parties have now stipulated that the post-petition obligations should be paid on confirmation of the Plan, as an administrative expense claim.

Administrative expense treatment is appropriate for this post-petition obligation. Since the charges accrued subsequent to the bankruptcy filing, they cannot be included with the Debtor's unsecured claims. Administrative expense treatment is governed by 11 U.S.C. §503(b). "In making this determination it is clear that the allowance of such claims is an area where the court is accorded broad discretion." *In re Butcher*, 108 B.R. 634, 636 (Bankr. E.D. Tenn. 1989). As recognized by Collier, the Code makes no attempt "to enumerate specifically all of the potential items of expense which could constitute 'the actual, necessary costs and expenses of preserving the estate." 3 L. King, *Collier on Bankruptcy* ¶503.0491)(a)(i) (15th ed.). One circuit court has stated, in discussing administrative expense claims:

> It is clear from the face of the statute, however, that expenses not explicitly listed in section 503(b) can receive administrate-expense status in one of two ways, either as a nonlisted 'actual, necessary' expense of preserving the estate under 503(b)(1)(A) or as a nonlisted administrative expense under 503(b) in general. Either way, there is room in the statute for courts to accord administrative-expense priority to postpetition expenses, and courts have given this status to certain categories of postpetition claims that are not explicitly listed in the statute.

*In re N.P. Mining Co., Inc.*, 963 F.2d 1449, 1452 (11th Cir. 1992).

An example of the extent to which a nonlisted administrative expense can be allowed is found in In *In re Younger*, 163 B.R. 609 (Bankr. S.D. Ga. 1993). In that involuntary chapter 7 case, the Debtor refused to cooperate with the court, was incarcerated as a result,

MEMORANDUM IN SUPPORT OF
ADMINISTRATIVE EXPENSE CLAIM OF
THE BUSH SCHOOL - 2
#680669 v1 / 30707-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

and had significant medical expenses while incarcerated. The U.S. Marshall's Office asserted an administrative expense claim for the cost of incarceration and medical expenses it incurred. The court found that it was not necessary for the claimant to show a measurable benefit to the estate to confer administrative expense status, that other policy considerations could apply, and granted the administrative expense claim.

It has been held that another factor in determining whether administrative expense status should be granted is whether the debtor induced the claimant to perform the services for which administrative claim treatment is sought. *In re New Power Co.*, 313 B.R. 496,504-05 (Bankr. N.D. Ga. 2004); *see also In re Adelphia Bus. Solutions, Inc.*, 296 B.R. 656, 666 (Bankr. S.D.N.Y. 2003). Finally, another consideration in granting administrative expense status is the desire to prevent unjust enrichment of the debtor. *In re Hillsborough Holdings Corp.*, 207 B.R. 299, 306 (Bankr. M.D. Fla. 1997).

In this case there is no question the Debtors induced The Bush School to provide the services rendered. Post-petition, they enrolled their daughter in the school, incurred numerous expenses, and made partial payments, all while not informing the school that they had sought bankruptcy protection. As soon as the bankruptcy filing was discovered, The Bush School demanded that ongoing expenses be paid immediately, and the responsibility for future enrollment expense has been acknowledged by a third party. To disallow administrative expense status would result in unjust enrichment for the Debtor, who received the benefit of the services offered by The Bush School, post-petition, without compensation.

Finally, costs of raising children, including tuition, are recognized as regular expenses of a debtor under 11 U.S.C. §707(b)(2)(A), and thus should be considered among the reasonable and necessary expenses to be incurred by a debtor in a bankruptcy proceeding, and

MEMORANDUM IN SUPPORT OF
ADMINISTRATIVE EXPENSE CLAIM OF
THE BUSH SCHOOL - 3
#680669 v1 / 30707-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

thus qualify under 11 U.S.C. §503(b). In this case, the Debtor incurred the expense voluntarily, and received the benefit of the services provided. The Debtor has acknowledged the debt, and asks that it be paid on confirmation. Since the obligation cannot be treated as an unsecured claim, the other option would be to force The Bush School to attempt to collect the debt during the course of the bankruptcy proceeding, which would likely interfere with Plan performance. On information and belief, there are more than sufficient funds on hand at confirmation to pay the post-petition obligations of The Bush School.

For all the foregoing reasons, The Bush School respectfully requests that the stipulation be approved, the Amended Plan be confirmed, and the post-petition claim of The Bush School be paid on confirmation.

Dated this 20th day of August, 2008.

KARR TUTTLE CAMPBELL

/s/ Merrilee A. MacLean
Merrilee A. MacLean WSBA #12732
Attorneys for The Bush School

MEMORANDUM IN SUPPORT OF
ADMINISTRATIVE EXPENSE CLAIM OF
THE BUSH SCHOOL - 4
#680669 v1 / 30707-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100